United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
Robert H. Slagle
Linda K. Slagle
       Debtors

Case No. 12-14476-ref
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-4     User: Keith     Page 1 of 2     Date Rcvd: Jan 03, 2018
                  Form ID: 3180W     Total Noticed: 21

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 05, 2018.
```
db/jdb         +Robert H. Slagle,    Linda K. Slagle,    640 Owl Hill Road,    Lititz, PA 17543-8562
smg            +Bureau of Audit and Enforcement,    City of Allentown,    435 Hamilton Street,
                 Allentown, PA 18101-1603
smg             City Treasurer,    Eighth and Washington Streets,    Reading, PA 19601
smg            +Lehigh County Tax Claim Bureau,    17 South Seventh Street,    Allentown, PA 18101-2401
smg            +Tax Claim Bureau,    633 Court Street,    Second Floor,    Reading, PA 19601-4300
13764893       +Cadles of West Virginia LLC,    100 North Center Street,    Newton Falls, OH 44444-1321
12769761       +John A. DiGiamberardino, Esquire,    845 N. Park Road,    Wyomissing, PA 19610-1342
13854945        Wilmington Savings Fund Society, FSB,    P.O. Box 52708,    Irving, CA 92619-2708
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg            +E-mail/Text: robertsl2@dnb.com Jan 04 2018 01:50:01     Dun & Bradstreet, INC,
                 3501 Corporate Pkwy,    P.O. Box 520,    Centre Valley, PA 18034-0520
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jan 04 2018 01:49:57
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA 17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jan 04 2018 01:50:05     U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
12754056        EDI: DISCOVER.COM Jan 04 2018 01:43:00      Discover Bank,    DB Servicing Corporation,
                 PO Box 3025,    New Albany, OH  43054-3025
12790652       +E-mail/Text: bankruptcy@fult.com Jan 04 2018 01:50:22     Fulton Bank N A,    P O Box 432,
                 East Petersburg, PA 17520-0432
12757032       +EDI: MID8.COM Jan 04 2018 01:43:00      Midland Credit Management, Inc.,
                 8875 Aero Drive, Suite 200,    San Diego, CA 92123-2255
12756239       +EDI: MID8.COM Jan 04 2018 01:43:00      Midland Funding LLC,    Midland Credit Management, Inc.,
                 2365 Northside Drive, Suite 300,    San Diego, CA 92108-2709
12831397       +EDI: OPHSUBSID.COM Jan 04 2018 01:43:00      OAK HARBOR CAPITAL VI, LLC,
                 C O WEINSTEIN AND RILEY, PS,    2001 WESTERN AVENUE, STE 400,    SEATTLE, WA 98121-3132
12841850       +EDI: OPHSUBSID.COM Jan 04 2018 01:43:00      Oak Harbor Capital VI, LLC,
                 c/o Weinstein & Riley, P.S.,    2001 Western Ave., Ste. 400,    Seattle, WA 98121-3132
12855446        EDI: PRA.COM Jan 04 2018 01:43:00      Portfolio Recovery Associates, LLC,    POB 41067,
                 Norfolk VA 23541
13715294        EDI: BL-BECKET.COM Jan 04 2018 01:43:00      TOYOTA LEASE TRUST,    C/O BECKET AND LEE LLP,
                 PO BOX 3001,    MALVERN, PA 19355-0701
12801418        EDI: TFSR.COM Jan 04 2018 01:43:00      Toyota Lease Trust,    PO Box 8026,
                 Cedar Rapids, Iowa   52408-8026
12819748        EDI: TFSR.COM Jan 04 2018 01:43:00      Toyota Motor Credit Corporation (TMCC),    PO BOX 8026,
                 Cedar Rapids, Iowa 52408-8026
                                                                                               TOTAL: 13

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
12841852*      +Oak Harbor Capital VI, LLC,    c/o Weinstein & Riley, P.S.,    2001 Western Ave., Ste. 400,
                 Seattle, WA 98121-3132
                                                                                               TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 05, 2018                                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 3, 2018 at the address(es) listed below:
```
              ANN E. SWARTZ    on behalf of Creditor    HSBC Bank USA, N.A. ecfmail@mwc-law.com,
               ecfmail@mwc-law.com
              DENISE ELIZABETH CARLON    on behalf of Creditor    DLJ Mortgage Capital, Inc.
               bkgroup@kmllawgroup.com
```

```
District/off: 0313-4          User: Keith              Page 2 of 2         Date Rcvd: Jan 03, 2018
                              Form ID: 3180W           Total Noticed: 21
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

```
              FREDERICK L. REIGLE    ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com
              JEROME B. BLANK    on behalf of Creditor   GMAC Mortgage, LLC paeb@fedphe.com
              JOHN A. DIGIAMBERARDINO    on behalf of Debtor Robert H. Slagle jad@cdllawoffice.com,
               dmk@cdllawoffice.com,reb@cdllawoffice.com
              JOHN A. DIGIAMBERARDINO    on behalf of Joint Debtor Linda K. Slagle jad@cdllawoffice.com,
               dmk@cdllawoffice.com,reb@cdllawoffice.com
              JOHN A. DIGIAMBERARDINO    on behalf of Plaintiff Linda K. Slagle jad@cdllawoffice.com,
               dmk@cdllawoffice.com,reb@cdllawoffice.com
              JOHN A. DIGIAMBERARDINO    on behalf of Plaintiff Robert H. Slagle jad@cdllawoffice.com,
               dmk@cdllawoffice.com,reb@cdllawoffice.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor   Wilmington Savings Fund Society, Et al...
               bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com
              LISA MARIE CIOTTI    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com
              MATTHEW CHRISTIAN WALDT    on behalf of Creditor   DLJ Mortgage Capital, Inc.
               mwaldt@milsteadlaw.com, bkecf@milsteadlaw.com
              THOMAS I. PULEO    on behalf of Creditor   Wilmington Savings Fund Society, Et al...
               tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                             TOTAL: 13
```

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | **Robert H. Slagle** | Social Security number or ITIN | xxx–xx–3484 |
| | First Name   Middle Name   Last Name | EIN | _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Linda K. Slagle** | Social Security number or ITIN | xxx–xx–1087 |
| | First Name   Middle Name   Last Name | EIN | _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | | |
| Case number: | **12–14476–ref** | | |

# Order of Discharge      12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Robert H. Slagle                    Linda K. Slagle

1/3/18                              **By the court:**   Richard E. Fehling
                                                        United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**